UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
BILLY BARNES,

        Plaintiff,

  -v-                                        No.  14-CV-2388-LTS-HBP

NEW YORK STATE DIVISION OF
HUMAN RIGHTS et al.,

        Defendants.
--------------------------------------------------------x

MEMORANDUM ORDER

        In the above-captioned action, Plaintiff Billy Barnes ("Plaintiff") asserts employment discrimination claims pursuant to Title VII and the New York State Human Rights Law against Defendants New York State Division of Human Rights ("NYSDHR") and Beth Israel Medical Center ("Beth Israel").  Plaintiff obtained certificates of default and, on May 5, 2014, filed a motion for default judgment against both Defendants ("Motion for Default Judgment").  On May 9, 2014, Defendant Beth Israel filed a motion to vacate the Clerk's certificate of default ("Motion to Vacate") (docket entry no. 15).  Plaintiff opposes Beth Israel's motion, asserting that he served Beth Israel properly with process.

        The Court considers, first, Beth Israel's Motion to Vacate and second, Plaintiff's Motion for Default Judgment.  For the following reasons, the Clerk's Certificates of Default against Beth Israel and the NYSDHR are vacated and Plaintiff's Motion for Default Judgment is denied.

DISCUSSION

Federal Rule of Civil Procedure 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After a default has been entered against a defendant and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2). Default judgments, however, are disfavored and there is a strong public policy favoring resolving disputes on the merits. Pecarsky v. Galaxiworld, 249 F.3d 167, 172 (2d Cir. 2001).

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." Good cause "should be construed generously." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1991). When deciding a motion to vacate a default judgment, "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (citing Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001)).

In determining whether to set aside a defendant's default, the Court should consider three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Powerserve, 239 F.3d at 514. The Court may also consider relevant equitable factors, including whether the failure to appear was "a mistake made in good-faith and whether the entry of default would bring about a harsh or unfair result." Enron Oil Corp., 10 F.3d at 96. If any doubt exists "as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id.

Beth Israel's Motion to Vacate and Plaintiff's Motion for Default Judgment Against Beth Israel

In considering Beth Israel's Motion to Vacate and Plaintiff's Motion for Default Judgment against Beth Israel, the Court notes that Beth Israel raised timely objections indicating that it was improperly served in a letter addressed to the Court, which was filed on April 30, 2014 (docket entry no. 9), and in its Motion to Vacate. Having examined the circumstances of Plaintiff's attempted service of process and the entry of default against Beth Israel, the Court finds, for the following reasons, that there is good cause under Rule 55(c) to set aside the entry of default.

Service of process for this case is governed by Federal Rule of Civil Procedure 4 and Article 3 of the New York Civil Practice Law and Rules ("C.P.L.R."). Beth Israel is a non-profit corporation. (Mem. Law Supp. Mot. Vacate 2, docket entry no. 19.) Under Federal Rule of Civil Procedure 4(h), service of process on a corporation in a judicial district of the United States must occur in accordance with the following provisions:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Federal Rule of Civil Procedure 4(e)(1), in turn, allows an individual to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

C.P.L.R. Section 311, the state law governing personal service of a summons upon a corporation in an action brought in courts of general jurisdiction in New York, provides that "[p]ersonal service upon a corporation shall be made by delivering the summons" to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. . . . A not-for-profit corporation may also be served pursuant to section three hundred six or three hundred seven of the not-for-profit corporation law."[1] N.Y. C.P.L.R. 311 (McKinney 2010).  Additionally, C.P.L.R. Section 306(b) provides that proof of personal service "shall . . . include, in addition to any other requirement, a description of the person to whom it was so delivered, including, but not limited to, sex, color of skin, hair color, approximate age, approximate weight and height, and other identifying features."  N.Y. C.P.L.R. 306(b) (McKinney 2010).

Beth Israel's contention that it was not served properly is well founded.  Plaintiff alleges that he served Beth Israel via personal service on David Marshall, Beth Israel's attorney, but the Proof of Service indicates that Plaintiff actually served papers on John Francavillo.  There is no evidence that John Francavillo was authorized to receive service of process on behalf of David Marshall or Beth Israel or that Mr. Francavillo represented that he was authorized to receive service on behalf of Mr. Marshall or Beth Israel.  See Francavillo Decl. ¶ 4-5.  Nor is there any evidence that Mr. Marshall is authorized to receive service of process on behalf of Beth Israel.  Thus, Plaintiff's attempted service did not comply with Federal Rule of Civil

---

[1] Section 306 of the New York Not-For-Profit Corporation Law provides for service of process on the registered agent of a non-profit corporation or on the New York Secretary of State.  N.Y. N-P.C.L. 306 (McKinney 2005).

Procedure 4(h) or C.P.L.R. Section 311.  The Proof of Service also fails to meet the requirements of C.P.L.R. Section 306(b) because it does not include a description of "the person to whom [the papers were] delivered."  N.Y. C.P.L.R. 306(b) (McKinney 2010).

Plaintiff's opposition to Beth Israel's Motion to Vacate notes that Mr. Marshall's law firm accepted the service of documents for Beth Israel during prior state court litigation (docket entry no. 20), but such service does not satisfy the requirements for service of a summons and complaint commencing a new action in this Court.

Accordingly, Beth Israel has not yet been served properly and Beth Israel's motion to vacate the entry of default is granted.  Plaintiff's Motion for Default Judgment against Beth Israel is denied.

Plaintiff's Motion for Default Judgment Against the NYSDHR

Plaintiff has filed a motion for default judgment against the NYSHDR.  After careful examination of Plaintiff's documentation of service of process on the NYSDHR, the Court finds, for the following reasons, that the NYSHDR has not yet been properly served and that there is therefore good cause under Federal Rule of Civil Procedure 55(c) to set aside the entry of default against the NYSHDR.

Plaintiff claims that he effected personal service on the NYSHDR.  Plaintiff's Proof of Service states that Marilyn Balcacer, counsel to the NYSHDR, was served with the summons and complaint.

The Proof of Service, however, is facially deficient.  Even though Marilyn Balcacer is listed as the individual served, the "received by" signature appears to be that of an individual other than that of Marilyn Balcacer.  However, even if Plaintiff could demonstrate

that he served Marilyn Balcacer personally, such service does not comply with the requirements of federal and state law for service upon a state entity.

> Under Federal Rule of Civil Procedure 4(j)(2),
>
> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

No service upon the chief executive officer of the NYSDHR has been made.

Additionally, C.P.L.R. Section 307, which is the New York statute that governs service of process on state entities, requires service on an "assistant attorney-general at an office of the attorney-general or to the attorney-general within the state."  N.Y. C.P.L.R. 307 (McKinney 2010).  No such service has been made here.

For these reasons, the certificate of default is vacated as to the NYSDHR, and Plaintiff's Motion for Default Judgment against the NYSDHR is denied.

## CONCLUSION

For the foregoing reasons, Beth Israel's Motion to Vacate is granted and the Motion for Default Judgment is denied.  This Order resolves docket entry numbers 14 and 15.  The Certificates of Default (docket entry nos. 11 and 12) are hereby vacated.

The Court hereby extends the Federal Rule of Civil Procedure Rule 4(m) deadline for proper service upon the Defendants to **November 21, 2014.**  If proof of service is not filed by

that date, this action will be dismissed without prejudice.  Plaintiff may contact the Pro Se Office to obtain procedural assistance.

The case remains referred to Judge Pitman for general pre-trial management, and the parties are directed to contact Judge Pitman's chambers for resolution of any non-dispositive pre-trial matters.

SO ORDERED.

Dated: New York, New York
September 19, 2014

   /s/  Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge