UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

BILLY BARNES,                       :

                    Plaintiff,      :      14 Civ. 2388 (LTS)(HBP)

     -against-                      :      OPINION
                                           AND ORDER
NEW YORK STATE DIVISION OF HUMAN    :
RIGHTS, et al.,
                                    :

                    Defendants.
                                    :
----------------------------------X

          PITMAN, United States Magistrate Judge:


I.   Introduction


          By notice of motion dated March 2, 2015 (Docket Item

51), pro se plaintiff Billy Barnes moves for leave to file an

amended complaint.  The proposed amended complaint would add

Edith Aquino-Salem[1] and Merle Nazares as defendants.  It also

would add claims of unlawful discrimination and retaliation under

42 U.S.C. § 1981 against defendant Beth Israel Medical Center

("BIMC") and denial of equal protection under 42 U.S.C. § 1983

against defendant the New York State Division of Human Rights

---

[1]Plaintiff's proposed amended complaint refers to Aquino-
Salem as both "Aquino-Salen" and "Aquino-Salem."  Because
plaintiff uses "Aquino-Salem" in the caption of his proposed
amended complaint, I assume that the individual's correct name is
"Aquino-Salem" and shall refer to her by that name throughout
this opinion.

(the "NYSDHR"), in addition to plaintiff's previously asserted claims against BIMC and the NYSDHR for denial of due process under Section 1983 and unlawful discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. (the "NYSHRL").  For the reasons set forth below, plaintiff's motion is denied.[2]

II.  Facts

Plaintiff, an African-American male, was hired as a cardiovascular technician by BIMC in July 2006 (Plaintiff's Proposed Amended Complaint (Docket Item 52-1) ("Am. Compl."), at 10[3]).  On January 26, 2011, BIMC terminated plaintiff for "gross misconduct" because he allegedly put his hands around the neck of Aquino-Salem, a Filipina nurse, during an argument the two had two days earlier (Am. Compl., at 3-6 & Ex. A, at 16).

---

[2]This action has been referred to me for all pretrial supervision.  Accordingly, I can decide plaintiff's instant motion for leave to amend the complaint.  Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("[A] district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent.").

[3]Because plaintiff's proposed amended complaint and the accompanying submissions lack consistent internal pagination, all page citations to plaintiff's submissions refer to the page numbers provided by the Court's ECF system.

The day after the incident, plaintiff provided BIMC with a written statement in which he denied placing his hands around Aquino-Salem's neck but acknowledged that he told Aquino-Salem "in a joking matter [sic] I will choke you woman" (Am. Compl., Ex. 5, at 32).  On the same day, Nazares, plaintiff's supervisor, who is also a Filipina nurse, informed plaintiff that she was going to conduct a "complete investigation" into the altercation between plaintiff and Aquino-Salem (Am. Compl., Ex. A, at 16).  The following day, BIMC informed plaintiff that he was being terminated based on testimony from Aquino-Salem and Heather Best-Pilgrim, an African-American female nurse who witnessed the incident, that plaintiff had put his hands around Aquino-Salem's neck (Am. Compl., 3-6 & Ex. 6, at 36).  Plaintiff filed a grievance with BIMC challenging his termination, and his termination was sustained following a grievance hearing (Am. Compl., at 11).

On November 9, 2011, plaintiff filed a complaint against BIMC with the NYSDHR (Am. Compl., at 10 & Exs. A-B).  In his NYSDHR complaint, which plaintiff attaches to his proposed amended complaint as Exhibit A, plaintiff challenged his termination as discriminatory on the basis of both his sex and his race and retaliatory (Am. Compl., Ex. A).  Specifically, plaintiff's NYSDHR complaint alleged that Nazares failed to conduct a proper

3

investigation of the incident between plaintiff and Aquino-Salem because (1) plaintiff had claimed in the statement he provided to BIMC on January 25, 2011 that Nazares was "very discriminative" and (2) Nazares wanted "to protect her fellow phillipino [sic] friend coworker [Aquino-Salem] from any type of disciplinary action" (Am. Compl., Ex. A, at 16). During the NYSDHR's investigation of plaintiff's complaint, plaintiff also claimed to the NYSDHR that Nazares and Lisa Allen, a BIMC administrator, prevented witnesses from testifying at his grievance hearing (Am. Compl., Ex. 4, at 29). Plaintiff's NYSDHR complaint was later amended to add a charge of national-origin discrimination (Am. Compl., at 10 & Ex. C at 24).

The NYSDHR investigated plaintiff's complaint (Am. Compl., at 10-11 & Exs. A-C). During the investigation, the NYSDHR investigator, James D. Moffatt, received evidence from both BIMC and plaintiff and attempted to contact three individuals that plaintiff had identified as witnesses -- Christine Taylor, Yi Li Huang and Marilou Cristobal -- by leaving telephone voice messages for each witness (Am. Compl., Ex. C, at 25-26). These witnesses, however, never responded to Moffatt's messages (Am. Compl., Ex. 6, at 37). On April 20, 2012, Moffatt reported the results of his investigation of plaintiff's complaint to Leon C. Dimaya, Regional Director of the NYSDHR (Am. Compl., Ex. B).

4

On the same day, Dimaya issued a Determination and
Order After Investigation, which found that "there is NO PROBABLE
CAUSE to believe that [BIMC] has engaged in or is engaging in the
unlawful discriminatory practice complained of" and "[t]here is a
lack of evidence in support of complainant's allegations of
retaliation, and race/color and sex discrimination" (Am. Compl.,
at 10).  The Determination and Order After Investigation instead
stated that the "record suggests . . . that [BIMC] terminated
complainant's employment for the non-discriminatory reason that
[BIMC] believed complainant ha[d] engaged in gross misconduct by
placing his hands around the neck of a co-worker" (Am. Compl., at
10).  The Equal Employment Opportunity Commission ("EEOC")
subsequently adopted the NYSDHR's findings and issued a Dismissal
and Notice of Rights to plaintiff on September 12, 2012 (EEOC
Dismissal and Notice of Rights, attached as Ex. 10 to the Decla-
ration of David Marshall (Docket Item 40) ("Marshall Decl.")).[4]

---

[4]Because defendants oppose plaintiff's motion on the grounds
of futility and raise the defenses of collateral estoppel and res
judicata, the court may consider plaintiff's proposed amended
complaint, the documents attached thereto, documents of which
judicial notice may be taken, including state court and agency
records and decisions, and documents which are integral to the
claims.  White v. Anchor House, Inc., No. 11 CV 3232 NGG LB, 2011
WL 5402162 at *1 (E.D.N.Y. Nov. 3, 2011) ("In deciding a motion
to dismiss or a motion to amend, the Court may consider, in
addition to the complaint, documents that plaintiff attached to
the pleadings, documents referenced in the complaint, documents
(continued...)

Plaintiff also commenced an Article 78 proceeding against the NYSDHR and BIMC in the Supreme Court of New York, New York County, on May 15, 2012 (Article 78 Notice of Petition & Verified Petition ("Article 78 Petition"), attached as Ex. 11 to Marshall Decl., at 2-5[5]).  In his Article 78 petition, plaintiff asked that "the court . . . overturn the decision of [the NYSDHR] for the lack of investigation" (Article 78 Petition, at 2). Specifically, plaintiff's petition challenged the NYSDHR investi-

_____

(...continued)
that plaintiff relied on in bringing the action which were in plaintiff's possession or of which plaintiff had knowledge, and matters of which judicial notice may be taken."), citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also Griffin v. Goldman, Sachs & Co., 08 Civ. 2992 (LMM), 2008 WL 4386768 at *2 (S.D.N.Y. Sept. 23, 2008) (McKenna, D.J.) ("[W]hen a motion to dismiss is premised on the doctrine of collateral estoppel, a court is permitted to take judicial notice of and consider the complaints and the record generated in both actions without having to convert the motion to dismiss into a summary judgment motion." (citation and internal quotation marks omitted)); Evans v. N.Y. Botanical Garden, 02 Civ. 3591 (RWS), 2002 WL 31002814 at *4 (S.D.N.Y. Sept. 4, 2002) (Sweet, D.J.) ("A court may take judicial notice of the records of state administrative procedures, as these are public records, without converting a motion to dismiss to one for summary judgment."); Burrowes v. Brookdale Hosp. & Med. Ctr., No. 01 CV 2969 SJ, 2002 WL 32096575 at *3 (E.D.N.Y. Mar. 28, 2002) (opposition to a motion for leave to amend based on "[f]utility is assessed by the same standards applied to a motion to dismiss."), aff'd, 66 F. App'x 229 (2d Cir. 2003) (summary order); Nickens v. N.Y. State Dep't of Corr. Servs., No. 94 CV 5425 (FB), 1996 WL 148479 at *1 (E.D.N.Y. Mar. 27, 1996) (taking judicial notice of documents the plaintiff had filed with the EEOC on a motion to dismiss).

[5]Because the exhibits to the Marshall Decl. lack consistent internal pagination, I use the page numbers assigned by the Court's ECF system.

gator's findings and his decision to attempt to contact plain-
tiff's witnesses by telephone instead of conducting field inter-
views (Article 78 Petition).  On November 5, 2012, the New York
Supreme Court dismissed plaintiff's petition, finding that (1)
"an adequate investigation was done" and (2) the NYSDHR's deci-
sion was not arbitrary and capricious.  Barnes v. N.Y. State Div.
of Human Rights, 2012 NY Slip Op 32908(U), *10-*12 (Sup. Ct. Nov.
5, 2012).

      Plaintiff appealed the Supreme Court's decision to the
Appellate Division of the Supreme Court for the State of New
York, which found that (1) "[NYS]DHR's determination had a
rational basis in the record and was not arbitrary and capri-
cious"; (2) "[plaintiff] was not prevented from showing pretext
by [the NYSDHR]'s failure to make additional attempts to contact
witnesses" and (3) "the investigation conducted by [NYS]DHR was
sufficient and not one-sided, and . . . [plaintiff] had a full
and fair opportunity to present his own case."  Barnes v. Beth
Israel Med. Ctr., 113 A.D.3d 431, 431, 977 N.Y.S.2d 888, 888 (1st
Dep't 2014).

      On April 9, 2014, plaintiff commenced the instant
action (Docket Items 1-2).

III.  <u>Analysis</u>

   A.  <u>Legal Standards</u>

      The standards applicable to a motion for leave to amend a pleading are well-settled and require only brief review.  A motion for leave to amend is generally governed by Fed.R.Civ.P. 15(a), which provides that leave to amend should be freely granted "when justice so requires."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007).  "Nonetheless, a 'district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'"  <u>Sissel v. Rehwaldt</u>, 519 F. App'x 13, 17 (2d Cir. 2013) (summary order), <u>quoting</u> <u>Holmes v. Grubman</u>, 568 F.3d 329, 334 (2d Cir. 2009).  The party opposing the amendment has the burden of demonstrating that leave to amend would be prejudicial or futile. <u>Staskowski v. Cty. of Nassau</u>, No. 05CV5984 (SJF)(WDW), 2007 WL 4198341 at *4 (E.D.N.Y. Nov. 21, 2007); <u>see also</u> <u>Lugosch v. Congel</u>, No. 00-CV-784, 2002 WL 1001003 at *1 (N.D.N.Y. May 14, 2002).

      A motion for leave to amend may be denied as futile if the proposed amendments would not withstand a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P.

12(b)(1) or failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).  Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany, 615 F.3d 97, 99 (2d Cir. 2010) ("We determine that leave to amend would be futile because the proposed amended complaint did not cure the original complaint's deficiencies . . . [with respect to] subject matter jurisdiction . . . ."); Bridgeport Music, Inc. v. Universal Music Grp., Inc., 248 F.R.D. 408, 416 (S.D.N.Y. 2008) (Marrero, D.J.) ("A motion to amend may be denied as futile if the amendment would not withstand a motion to dismiss pursuant to Rule 12(b)(6)."); accord Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990) ("Although Fed.R.Civ.P. 15(a) provides that leave to amend should be given freely when justice so requires, where . . . there is no merit in the proposed amendments, leave to amend should be denied.").

        "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  "In considering a motion to dismiss for lack of subject matter jurisdiction, a district court 'must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs.'"  Rosen v. N. Shore Towers Apartments, Inc., 11-CV-00752 RRM LB, 2011 WL

2550733 at *2 (E.D.N.Y. June 27, 2011) (brackets in original),
quoting J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110
(2d Cir. 2004).  Additionally, a court "may consider affidavits
and other materials beyond the pleadings to resolve the jurisdic-
tional issue, but . . . may not rely on conclusory or hearsay
statements contained in the affidavits."  J.S. ex rel. N.S. v.
Attica Cent. Sch., supra, 386 F.3d at 110.  "The plaintiff bears
the burden of proving subject matter jurisdiction by a preponder-
ance of the evidence."  Aurecchione v. Schoolman Transp. Sys.
Inc., 426 F.3d 635, 638 (2d Cir. 2005).

        In order to survive a motion to dismiss under Rule
12(b)(6), a plaintiff must allege "enough facts to state a claim
to relief that is plausible on its face."  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible when its
factual content "allows the court to draw the reasonable infer-
ence that the defendant is liable for the misconduct alleged.
The plausibility standard is not akin to a 'probability require-
ment,' but it asks for more than a sheer possibility that a
defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S.
662, 678 (2009) (citations omitted).  Additionally, while a court
must "assume that all well-pleaded factual allegations are true
and draw all reasonable inferences in the plaintiff's favor" when
considering a motion to dismiss under Rule 12(b)(6), Nechis v.

Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005) (citation omitted), "mere conclusory statements" or legal conclusions contained in the complaint are not entitled to the presumption of truth.  Ashcroft v. Iqbal, supra, 556 U.S. at 678.

Finally, where, as here, a plaintiff proceeds pro se, the proposed amended complaint "must be construed liberally 'to raise the strongest arguments [it] suggest[s].'"  Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013), quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

B.  Application

1.  Plaintiff's Claims against
    BIMC, Aquino-Salem and Nazares

BIMC argues that plaintiff's motion should be denied for reasons of futility because (1) plaintiff's Title VII and NYSHRL claims against BIMC, Aquino-Salem and Nazares are barred by the doctrine of collateral estoppel and (2) plaintiff's Title VII, NYSHRL and Section 1981 claims against BIMC, Aquino-Salem and Nazares are barred by the doctrine of res judicata.[6]

_____

[6]Because I conclude below that plaintiff's claims against BIMC, Aquino-Salem and Nazares are barred under collateral estoppel and res judicata, I do not address BIMC's alternative arguments that plaintiff's claims against Aquino-Salem and Nazares are untimely and procedurally defective.

a.   Collateral Estoppel

28 U.S.C. § 1738 "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chemical Const., Corp., 456 U.S. 461, 466 (1982); accord Rullan v. N.Y.C. Dep't of Sanitation, No. 10 Civ. 8079 (RPP), 2011 WL 1833335 at *3 (S.D.N.Y. May 12, 2011) (Patterson, D.J.).  Under New York law, collateral estoppel applies where "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate the issue in the first proceeding." Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 94 (2d Cir. 2005) (citation omitted).

In Kremer v. Chemical Const., Corp., supra, 456 U.S. 461, the Supreme Court addressed the issue of whether a NYSDHR "no probable cause" determination that had been reviewed and affirmed by the New York Appellate Division barred a subsequent Title VII action pursuant to the doctrine of collateral estoppel. The Court held that the Appellate Division's affirmance of the NYSDHR determination was entitled to preclusive effect as to the subsequent Title VII action because (1) the plaintiff's allega-

12

tions of employment discrimination had been raised earlier in his
NYSDHR complaint, (2) the Appellate Division had resolved the
plaintiff's claim and (3) the NYSDHR's procedure for investigat-
ing the complaint, in combination with the opportunity for full
judicial review, provided the plaintiff with a full and fair
opportunity to litigate his claim of discrimination.  See Kremer
v. Chemical Const., Corp., supra, 456 U.S. at 483-85.

          Since Kremer, federal courts within this Circuit have
repeatedly applied collateral estoppel in similar situations
where, as here, (1) discrimination claims were made to the
NYSDHR, (2) the NYSDHR issued a finding of no probable cause, (3)
the plaintiff challenged the NYSDHR's determination and proce-
dures in state court and (4) the NYSDHR's determination was
affirmed by the New York courts.  E.g., Gomez v. N.Y. State Dep't
of Transp., No. 09-CV-05184, 2011 WL 2940623 at *2 (E.D.N.Y. July
19, 2011) (dismissing discrimination and failure to accommodate
claims where the plaintiff's complaint relied on the same facts
that were asserted in his NYSDHR complaint and the New York
Supreme Court had addressed and rejected plaintiff's argument
that the NYSDHR investigation was deficient for failing to call
witnesses on his behalf); Rullan v. N.Y.C. Dep't of Sanitation,
supra, 2011 WL 1833335 at *5 (dismissing the plaintiff's federal
complaint alleging discrimination and retaliation where those

13

issues were already raised before the NYSDHR and affirmed in an Article 78 proceeding); Aumporn Wongkiatkachorn v. Capital One Bank, 09 Civ. 9553 (CM)(KNF), 2010 WL 3958764 at *5 (S.D.N.Y. Oct. 5, 2010) (McMahon, D.J.) (same); Wilson v. Ltd. Brands, Inc., 08 Civ. 3431 (LAP), 2009 WL 1069165 at *2 (S.D.N.Y. Apr. 17, 2009) (Preska, D.J.) (same); accord Yan Yam Koo v. Dep't of Bldgs. of City of N.Y., 218 F. App'x 97, 99 (2d Cir. 2007) (summary order) ("While the agency determination in and of itself did not preclude [plaintiff's] action, preclusive effect attached once the state court reviewed and affirmed the [NY]SDHR's finding of no probable cause.").

Here, plaintiff's proposed amended complaint raises the same issues and makes the same discrimination and retaliation claims that were asserted in his NYSDHR complaint and dismissed by the NYSDHR.  Indeed, in support of the allegations made in his proposed amended complaint, plaintiff attaches, among other things, (1) his NYSDHR complaint form, (2) a letter he submitted to the NYSDHR on January 22, 2012 and (3) the written statement plaintiff prepared for BIMC on January 25, 2011 (Am. Compl., Exs. A, 4-5).  Further, both the New York Supreme Court and the Appellate Division affirmed the NYSDHR's "no probable cause" determination and rejected plaintiff's argument that the NYSDHR investigation was inadequate because the NYSDHR investigator did

not conduct field interviews of the witnesses identified by
plaintiff.  Barnes v. N.Y. State Div. of Human Rights, supra,
2012 NY Slip Op 32908(U) at *10-*12, aff'd, 113 A.D.3d at 431,
977 N.Y.S.2d at 888 ("[T]he record shows that the investigation
conducted by [NYSHDR] was sufficient and not one-sided, and that
[plaintiff] had a full and fair opportunity to present his own
case.").

          Finally, while plaintiff contends in his motion papers
that he has uncovered new evidence "that support[s] that there
were attempts to intimidate and silence" Christine Taylor,
Marilou Cristobal and Yi Li Huang so that they would not testify
on his behalf at his grievance hearing (Pro Se Motion for Leave
to Amend Complaint (Docket Item 52) ("Pl. Memo"), at 2), the same
claims of witness intimidation and coercion were previously
raised in plaintiff's NYSDHR complaint, Article 78 Petition and
Pre-Argument Statement to the Appellate Division.  For example,
plaintiff's NYSDHR complaint stated that Cristobal was coerced by
Nazares not to make a statement and Taylor was coerced not to
attend plaintiff's grievance hearing (Am. Compl., Ex. A, at 15).
Similarly, plaintiff's Article 78 Petition stated that Cristobal
and Huang were "cohearsed [sic] and told not to get involved or
give a statement" (Article 78 Petition, at 6).  Finally, plain-
tiff's Pre-Argument Statement to the Appellate Division asserted

that Huang "was told by our employer not to get involved" and
that Taylor, Huang and Cristobal were coerced not to testify or
provide statements on plaintiff's behalf (Notice of Appeal and
Pre-Argument Statement to the First Department, attached as Ex.
13 to Marshall Decl., at 10-11).[7]

Because the issues raised in plaintiff's Title VII and
NYSHRL claims were actually and necessarily decided in the prior
proceedings and plaintiff had a full and fair opportunity to
litigate those issues, plaintiff's Title VII and NYSHRL claims

_____

[7]Plaintiff also contends that he has "new found evidence"
showing that the NYSDHR did not fully investigate his complaint
because Dimaya, the Regional Director of the NYSDHR who issued
the NYSDHR's determination, is of Filipino descent like Aquino-
Salem and Nazares (Pl. Memo, at 2; see also Am. Compl., at 5
("The regional director who started this case is Phillipino [sic]
and did not address any of the allegations [plaintiff] had
brought to his attention.")).  This assertion does not change the
analysis of defendants' collateral estoppel defense.  As
discussed above, plaintiff's challenges to the sufficiency of the
NYSDHR's investigation were previously raised before the New York
Supreme Court and the Appellate Division.  Further, plaintiff's
allegation that the NYSDHR did not fully investigate his
complaint because Dimaya is Filipino is unsupported by any
factual allegations other than the fact of Mr. Dimaya's alleged
national origin; such a conclusory allegation is not afforded the
presumption of truth.  Ashcroft v. Iqbal, supra, 556 U.S. at 678;
see also Bermudez v. City of New York, 783 F. Supp. 2d 560, 581
(S.D.N.Y. 2011) (McMahon, D.J.) ("a recitation of a false
syllogism [such as] (1) I am (insert name of a protected class);
(2) something bad happened to me at work; (3) therefore, it
happened because I am (insert name of protected class)" does not
meet the standard promulgated by the Supreme Court in Twombly and
Iqbal).

16

against BIMC, Aquino-Salem and Nazares are barred by collateral estoppel.[8]

    b.  Res Judicata

       Like collateral estoppel, where a federal court is considering the res judicata effect of a state court judgment, the federal court must afford the state court judgment the same preclusive effect it would have under the law of the state in which it was entered.  Marrese v. Am. Acad. of Orthopedic Sur-

---

    [8]Although plaintiff did not name Aquino-Salem or Nazares as respondents in his NYSDHR complaint, the requirements of collateral estoppel are met with respect to plaintiff's proposed claims against them because (1) whether their conduct constituted retaliation or discrimination on the part of BIMC was actually and necessarily decided in the prior proceedings, and (2) plaintiff had a full and fair opportunity to litigate those issues in the prior proceedings.  The fact that neither Aquino-Salem nor Nazares were parties to the NYSDHR and state court proceedings is immaterial.  Yan Yam Koo v. Dep't of Bldgs. of City of N.Y., supra, 218 F. App'x at 99 ("That the plaintiff did not name the identical parties in the state and federal actions does not disturb our finding of preclusiveness."), citing LaFleur v. Whitman, 300 F.3d 256, 274 (2d Cir. 2002) ("Our inquiry with regard to the 'full and fair opportunity' prong of the collateral estoppel doctrine is whether [the plaintiff], as the petitioner-plaintiff in the previous state court proceeding, was fully able to raise the same factual or legal issues as she asserts here -- not whether the respondent-defendants were identical in both cases." (emphasis in original)); see also 3 E. 54 St. N.Y., LLC v. Patriarch Partners Agency Servs. LLC, 110 A.D.3d 516, 516-17, 972 N.Y.S.2d 549, 549-50 (1st Dep't 2013) (Under New York law, "only the party sought to be collaterally estopped must have been a party to the action when the prior determination was made.  New York has long ago abandoned the 'mutuality of estoppel' requirement." (citations omitted)).

geons, 470 U.S. 373, 380-81 (1985); Burka v. N.Y.C. Transit
Auth., 32 F.3d 654, 657 (2d Cir. 1994).  New York law applies the
"transactional" approach to res judicata, meaning that "once a
claim is brought to a final conclusion, all other claims arising
out of the same transaction or series of transactions are barred,
even if based upon different theories or if seeking a different
remedy."  Giannone v. York Tape & Label, Inc., 548 F.3d 191, 194
(2d Cir. 2008) (per curiam) (citation omitted).

        Federal courts within this Circuit have applied the
doctrine of res judicata to preclude employment discrimination
claims arising out of the same set of facts that were previously
alleged in support of unsuccessful claims before the NYSDHR and
the New York Supreme Court.  See, e.g., Rullan v. N.Y.C. Dep't of
Sanitation, supra, 2011 WL 1833335 at *3-*4; Arnold v. Beth
Abraham Health Servs., Inc., 09 Civ. 6049 (DLC), 2009 WL 5171736
at *4 (S.D.N.Y. Dec. 30, 2009) (Cote, D.J.), aff'd on other
grounds sub nom., Arnold v. 1199 SEIU, 420 F. App'x 48 (2d Cir.
2011) (summary order).  As discussed in Section III.B.1.a, supra,
plaintiff's Section 1981, NYSHRL and Title VII claims arise out
of the same facts that were alleged before the NYSDHR and the New
York courts.  Thus, even though plaintiff did not expressly raise
any Section 1981 claims before either the NYSDHR or the New York
state courts, his Section 1981 claims against BIMC, Aquino-Salem

18

and Nazares, as well as his NYSHRL and Title VII claims, are
precluded by res judicata. Kirkland v. City of Peekskill, 828
F.2d 104, 109-10 (2d Cir. 1987) (applying res judicata to Section
1981 and Section 1983 claims where the underlying facts had been
previously raised in a NYSDHR complaint and plaintiff's appeal of
the NYSDHR's decision had been dismissed by the Appellate Divi-
sion); accord Loucar v. Boston Mkt. Corp., 294 F. Supp. 2d 472,
482 (S.D.N.Y. 2003) (Pauley, D.J.); Evans v. N.Y. Botanical
Garden, 02 Civ. 3591 (RWS), 2002 WL 31002814 at *5 (S.D.N.Y.
Sept. 4, 2002) (Sweet, D.J.).[9]

---

[9]In his motion papers, plaintiff indicates that his Section
1983 claims are asserted against the NYSDHR only, and not BIMC,
Nazares or Aquino-Salem (Pl. Memo, at 1).  In any event, to the
extent plaintiff wishes to assert Section 1983 claims against
BIMC, Nazares or Aquino-Salem, such claims would also be
precluded by res judicata. Kirkland v. City of Peekskill, supra,
828 F.2d at 109-10.

2.  Plaintiff's Claims
    against the NYSDHR[10]

The NYSDHR argues that plaintiff's motion should be denied for reasons of futility because plaintiff's Section 1983 and NYSHRL claims against it are barred by the Eleventh Amendment.  The NYSDHR also argues that plaintiff's claims against it are barred by the Rooker-Feldman doctrine.  Finally, the NYSDHR contends that plaintiff's employment discrimination and Section 1983 claims against it fail to state claims and that plaintiff's Section 1983 claims are precluded by res judicata.

---

[10]The NYSDHR appears to assert that both its Eleventh Amendment and Rooker-Feldman arguments are jurisdictional (see Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend the Complaint and in Further Support of Defendant's Motion to Dismiss (Docket Item 53), at 4-7).  The case law as to the Eleventh Amendment is not so clear, see Woods v. Rondout Central Sch. Dist. Bd. of Educ., 466 F.3d 232, 237-38 (2d Cir. 2006), and, in its most recent statement on the issue, the Supreme Court has stated that it has never decided whether the Eleventh Amendment is jurisdictional.  Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998).  The NYSDHR's Rooker-Feldman argument, on the other hand, does appear to be jurisdictional.  Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014) ("The Rooker-Feldman doctrine pertains not to the validity of the suit but to the federal court's subject matter jurisdiction to hear it.").  I conclude that I need not decide whether the NYSDHR's Eleventh Amendment argument is jurisdictional.  The outcome of the present motion would be the same regardless of whether the argument is jurisdictional.

a.  <u>Sovereign Immunity</u>

Under "the Eleventh Amendment . . . , state governments
may not be sued in federal court unless they have waived their
Eleventh Amendment immunity, or unless Congress has abrogate[d]
the states' Eleventh Amendment immunity when acting pursuant to
its authority under Section 5 of the Fourteenth Amendment."
<u>Gollomp v. Spitzer</u>, 568 F.3d 355, 366 (2d Cir. 2009) (internal
quotation marks and citations omitted; brackets in original);
<u>accord</u> <u>Gonzalez v. N.Y. State Div. of Human Rights</u>, 10 Civ. 98
(WHP), 2011 WL 4582428 at *3 (S.D.N.Y. Sept. 29, 2011) (Pauley,
D.J.) ("The Eleventh Amendment to the United States Constitution
bars federal actions against a state for monetary damages absent
the state's waiver of its sovereign immunity or an abrogation of
that immunity by the United States Congress.").  "[T]he Eleventh
Amendment extends beyond the states themselves to state agents
and state instrumentalities that are, effectively, arms of a
state."  <u>Gollomp v. Spitzer</u>, <u>supra</u>, 568 F.3d at 366 (citation
omitted).

In enacting Section 1983, Congress did not abrogate the
states' sovereign immunity, <u>Gaby v. Bd. of Trustees of Cmty.
Tech. Colleges</u>, 348 F.3d 62, 63 (2d Cir. 2003) (<u>per</u> <u>curiam</u>)
("[N]either a State nor its officials acting in their official

capacities are 'persons' under § 1983."), quoting Will v. Michi-
gan Dep't of State Police, 491 U.S. 58, 64 (1989), nor has New
York consented to being sued in federal court under either
Section 1983 or the NYSHRL.  Jones v. N.Y. State Metro D.D.S.O.,
543 F. App'x 20, 22 (2d Cir. 2013) (summary order) ("New York has
not waived sovereign immunity from suits for damages under
Section 1983."); Trivedi v. N.Y. State Unified Court Sys. Office
of Court Admin., 818 F. Supp. 2d 712, 722 (S.D.N.Y. 2011) (Crot-
ty, D.J.) ("New York [has not] explicitly and unequivocally
waived its sovereign immunity with respect to claims brought
under . . . Section 1983 . . . [or the] NYSHRL . . . ."), aff'd
sub nom., Seck v. Office of Court Admin., 582 F. App'x 47 (2d
Cir. 2014) (summary order).

        Accordingly, plaintiff's NYSHRL and Section 1983 claims
against the NYSDHR are barred by the Eleventh Amendment.  Baba v.
Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997)
(per curiam) ("As the district court ruled, Baba's suit 'seek[s]
equitable and legal relief for past conduct' against [the
NYSDHR], and it is beyond cavil that 'the Eleventh Amendment bars
this [type of] suit.'" (citation omitted)); McPherson v. Plaza
Athenee, NYC, 12 Civ. 0785 (AJN), 2012 WL 3865154 at *6 (S.D.N.Y.
Sept. 4, 2012) (Nathan, D.J.) ("Federal civil rights lawsuits
against the NYSDHR are barred by the Eleventh Amendment."), aff'd

sub nom., McPherson v. Hotel Plaza Athenee, NYC, 538 F. App'x 109
(2d Cir. 2013) (summary order); Gonzalez v. N.Y. State Div. of
Human Rights, supra, 2011 WL 4582428 at *3 (dismissing NYSHRL
claims against the NYSDHR due to sovereign immunity).[11]

### b.  The Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, "federal district
courts lack jurisdiction over suits that are, in substance,
appeals from state-court judgments."  Hoblock v. Albany Cty. Bd.
of Elections, supra, 422 F.3d at 84.  The Rooker-Feldman is
"confined to . . . cases brought by state-court losers complain-
ing of injuries caused by state-court judgments rendered before
the district court proceedings commenced and inviting district
court review and rejection of those judgments."  Hoblock v.
Albany Cty. Bd. of Elections, supra, 422 F.3d at 85 (citation
omitted).  In Hoblock, the Court of Appeals clarified that the
Rooker-Feldman doctrine only bars claims when the plaintiff (1)
"lost in state court"; (2) "complain[s] of injuries caused by
[the] state-court judgment"; (3) seeks "district court review and

---

[11]To the extent that plaintiff's proposed amended complaint
attempts to bring a Section 1981 claim against the NYSDHR, such a
claim is also barred by the Eleventh Amendment.  Benzo v. N.Y.
State Div. of Human Rights, 95 Civ. 5362 (LAP), 1997 WL 37961 at
*10 (S.D.N.Y. Jan. 31, 1997) (Preska, D.J.) aff'd, 141 F.3d 1151
(2d Cir. 1998).

rejection of [that] judgment" and (4) commences the federal action after the state court judgment was rendered.  Hoblock v. Albany Cty. Bd. of Elections, supra, 422 F.3d at 85.

The Hoblock court also explained that the "core requirement" of Rooker-Feldman is "that federal plaintiffs are not subject to the Rooker-Feldman bar unless they complain of an injury caused by a state judgment."  Hoblock v. Albany Cty. Bd. of Elections, supra, 422 F.3d at 87 (emphasis in original).  In explaining the limitations of the doctrine, the Court of Appeals provided an example -- which is very similar to the present case -- of the type of case to which Rooker-Feldman does not apply:

> Suppose a plaintiff sues his employer in state court for violating both state anti-discrimination law and Title VII and loses.  If the plaintiff then brings the same suit in federal court, he will be seeking a decision from the federal court that denies the state court's conclusion that the employer is not liable, but he will not be alleging injury from the state judgment.  Instead, he will be alleging injury based on the employer's discrimination.  The fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by Rooker-Feldman, of the state-court judgment.

Hoblock v. Albany Cty. Bd. of Elections, supra, 422 F.3d at 87-88.

Hoblock has been applied to a plaintiff's federal challenge of an adverse decision made by a state agency and affirmed by the New York courts.  For example, in Ponterio v.

24

Kaye, 06 Civ. 6289 (HB), 2007 WL 141053 (S.D.N.Y. Jan. 22, 2007)
(Baer, D.J.), aff'd, 328 F. App'x 671 (2d Cir. 2009) (summary
order), the New York Administrative Board of Courts denied
recertification for service to a retired New York state judge.
The retired judge commenced an action challenging the denial of
his recertification in New York Supreme Court.  The Supreme Court
dismissed the retired judge's claims, and the Appellate Division
affirmed the Supreme Court's dismissal.  The retired judge then
brought a federal action challenging the denial of his
recertification and named as defendants the New York Administra-
tive Board of Courts, the Chief Judge of the State of New York,
the Chief Administrative Judge of the New York Courts and the
Presiding Justices of each of the four Departments of the Appel-
late Division.  The defendants moved to dismiss the federal
complaint, arguing, among other things, that the claims were
barred by Rooker-Feldman.  The court rejected this argument:

> [The] federal action complains of injuries allegedly
> committed upon [plaintiff] by the Board . . . and
> subsequently ratified by the New York state courts.
> [Plaintiff's] action falls squarely into Hoblock's . .
> . category of lawsuits that do not complain of injuries
> caused by state court judgments.  Thus, Rooker-Feldman
> doctrine does not bar [the] instant claims.

Ponterio v. Kaye, supra, 2007 WL 141053 at *1-*5.

        Accordingly, because plaintiff does not complain of an
injury caused by the New York courts, but rather of injuries

caused by BIMC, the NYSDHR, Aquino-Salem and Nazares, the <u>Rooker-Feldman</u> doctrine does not bar his claims.

        c.    Plaintiff's Claims
               against the NYSDHR under
               <u>Title VII, Section 1983 and the NYSHRL</u>

The NYSDHR next argues that plaintiff's Title VII and NYSHRL claims against it fail to state claims because plaintiff does not allege that the NYSDHR was his employer.

"[T]he existence of an employer-employee relationship is a primary element of [a] Title VII claim[ ].  An employer-employee relationship is also required to sustain analogous claims under the NYSHRL."  <u>Brown v. Daikin Am. Inc.</u>, 756 F.3d 219, 226 (2d Cir. 2014) (citations omitted; brackets in original).  Here, plaintiff does not allege that the NYSDHR was his employer.  Rather, he asserts in his motion papers that his NYSDHR complaint "was a signed contract between me and NYSDHR in which [I] became there [<u>sic</u>] employer" (Pl. Memo, at 2).  Even assuming this were the case, plaintiff's argument is without merit because, as the Supreme Court has noted, "employers are [not] members of the class for whose especial benefit . . . Title VII was enacted."  <u>N.W. Airlines, Inc. v. Transport Workers Union of Am., AFL-CIO</u>, 451 U.S. 77, 92 (1981).  Accordingly, plaintiff

fails to state claims against the NYSDHR under Title VII or the NYSHRL.[12]

Finally, for the same reasons discussed in Section III.B.1.b, supra, plaintiff's Section 1983 claims against the NYSDHR are also barred by the doctrine of res judicata because plaintiff had the opportunity, and in fact did, challenge the sufficiency of the NYSDHR's investigation and determination in both his Article 78 proceedings and his appeal to the Appellate Division.  See Gomez v. N.Y. State Dep't of Transp., supra, 2011 WL 2940623 at *2 ("[Plaintiff's] Due Process violation [ ] was thoroughly examined and rejected by the New York Supreme Court in the Article 78 proceeding.  The state court found as a matter of law that the [NYS]DHR's investigation was proper.  Coupled with Article 78 judicial review, [NYS]DHR's investigative procedures were sufficient under the Due Process Clause." (citations omitted)).

---

[12]The NYSDHR also argues that plaintiff's Section 1983 equal protection claim against it fails to state a claim because plaintiff does not allege that the NYSDHR had "a policy or custom" that violated his equal protection rights, as required to establish municipal liability under Section 1983.  The NYSDHR's argument is inapposite because "policy or custom" liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), applies to municipalities, not state agencies.  Barnes v. Fischer, 9:13-CV-164 GLS/RFT, 2014 WL 5293672 at *5 n.8 (N.D.N.Y. Oct. 15, 2014) ("Monell is 'limited to local government which are not considered part of the State for Eleventh Amendment purposes.'" (citation omitted)).

Accordingly, plaintiff's proposed amended complaint
does not state an actionable claim against the NYSDHR.

IV.  Conclusion

Because all of plaintiff's claims are futile and would
be subject to dismissal under Fed.R.Civ.P. 12(b)(1) or
Fed.R.Civ.P. 12(b)(6), plaintiff's motion for leave to amend is
denied.

Dated:  New York, New York
        January 7, 2016

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Billy Barnes
330 40th Street
Copiague, New York  11726

Angel Guardiola II, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, New York  10271

David Marshall, Esq.
Locke Lord LLP (NYC)
750 Lexington Avenue
New York, New York  10022

28