UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

BILLY BARNES,

       Plaintiff,

  -v-                                     No. 14 CV 2388-LTS

NEW YORK STATE DIVISION OF HUMAN
RIGHTS and BETH ISRAEL MEDICAL
CENTER,

       Defendants.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

        Plaintiff <u>pro se</u> Billy Barnes, a former cardiovascular technician at Beth Israel Medical Center ("BIMC"), brought this action against the New York State Division of Human Rights ("NYSDHR") and BIMC, alleging unlawful discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII") and the New York State Human Rights Law, N.Y. Exec. Law § 290 <u>et seq.</u> ("NYSHRL"). The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

        Both Defendants have filed motions to dismiss the complaint; Plaintiff has responded to NYSDHR's motion and his time to respond to BIMC's motion has elapsed, although Plaintiff's opposition papers to NYSDHR's motion address in part the arguments BIMC has advanced. The Court has reviewed thoroughly all of the parties' submissions, as well as the administrative record and, for the reasons set forth below, both Defendants' motions to dismiss are granted.

BACKGROUND

The following facts relevant to the disposition of the instant motion are drawn from the Amended Complaint and are assumed to be true for the purposes of this motion practice. In July 2006, Barnes was hired as a cardiovascular technician at Beth Israel Medical Center. (Docket entry no. 4, Amended Complaint, at p. 14.) On January 24, 2011, Barnes allegedly put his hands around the neck of Edith Aquino-Salem, a fellow co-worker, in the course of a verbal argument. (Id. at p. 4.) The day after the incident, Barnes denied any physical altercation, while admitting that he did threaten Aquino-Salem in a joking manner. (Id. at p. 23.) Two days later, BIMC terminated Barnes for "gross misconduct" based on testimony from Aquino-Salem and Heather Best-Pilgrim, a co-worker who allegedly witnessed the incident. (Id. at p. 14.) Barnes filed an internal grievance with BIMC challenging his termination, but his termination was sustained following a grievance hearing. (Id. at p. 11.)

On November 9, 2011, Barnes filed a complaint against BIMC with NYSDHR, alleging that his supervisor at BIMC had failed to conduct a proper investigation of the incident and that BIMC had discriminated against Barnes because of his race and gender. (Id. at p. 23.) After a five month investigation, NYSDHR issued a Determination and Order After Investigation that found that there was "no probable cause to believe that [BIMC] has engaged or is engaging in the unlawful discriminatory practice complained of and there is a lack of evidence in support of [Plaintiff's] allegations of retaliation, and race/color and sex discrimination." (Id. at p. 10.)

On May 15, 2012, Barnes commenced an Article 78 proceeding against NYSDHR and BIMC in New York Supreme Court, arguing that the NYSDHR decision should

be overturned for lack of investigation.  (See docket entry no. 40, Declaration of David R. Marshall ("Marshall Decl."), Ex. 11, at p. 50.)  On November 5, 2012, New York Supreme Court dismissed Barnes' Article 78 petition, finding that NYSDHR's investigation was adequate and its decision was not arbitrary or capricious.  Barnes v. N.Y. State Div. of Human Rights, No. 401119/12, slip op. at 10 (N.Y. Sup. Ct. Nov. 5, 2012).  Barnes appealed to the Appellate Division, which affirmed, holding that NYSDHR's determination had a "rational basis" in the record and was not arbitrary or capricious.  Barnes v. Beth Israel Med. Ctr., 113 A.D. 3d 431, 431 (N.Y. App. Div. 1st Dep't 2014).  Furthermore, the Appellate Division held, the investigation conducted by NYSDHR was "sufficient and not one-sided" and Barnes had a "full and fair opportunity to present his own case."  Id.

Barnes commenced this action against NYSDHR and BIMC under Title VII and NYSHRL on April 9, 2014.  NYSDHR has moved to dismiss all of Barnes' claims against it with prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  BIMC has moved under Rule 12(b)(6) to dismiss all of Barnes' claims.

## DISCUSSION

On a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), the Court "must accept as true all of the factual allegations set out in the Plaintiff's complaint, draw inferences from those allegations in the light most favorable to the Plaintiff, and construe the complaint liberally."  Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007).  The Court must give particular latitude to complaints prepared by pro se Plaintiffs, which

are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks and citations omitted). This approach applies with particular force when a Plaintiff's civil rights are at issue. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, pro se complaints must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 546 (2007).

Plaintiff's Claims Against NYSDHR

NYSDHR moves to dismiss the Amended Complaint for lack of subject matter jurisdiction, arguing that the Eleventh Amendment precludes the exercise of federal subject matter jurisdiction over claims asserted against NYSDHR, which is an agency of New York State. As a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogated that immunity pursuant to its authority under Section 5 of the Fourteenth Amendment. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (internal quotation marks and citations omitted). Courts have consistently applied the doctrine of sovereign immunity to preclude federal suits against state entities. See Employees of Dep't of Pub. Health & Welfare, Missouri v. Dep't of Pub. Health & Welfare, Missouri, 411 U.S. 279, 280 (1973); Jones v. N.Y. State Metro D.D.S.O., 543 F. App'x 20, 21 (2d Cir. 2010). The same principle has been applied to bar federal claims against NYSDHR. See Gonzalez v. N.Y. State Div. of Human Rights, No.

10 CV 98, 2011 WL 4582428, at *3 (S.D.N.Y. Sept. 29, 2011) (holding that both Federal and State claims against NYSDHR were barred by the Eleventh Amendment); McPherson v. Plaza Athenee, NYC, No. 12 CV 0785, 2012 WL 3865154, at *6 (S.D.N.Y. Sept. 4, 2012) (holding that Plaintiff's 42 U.S.C. § 1983 and § 1985 claims against NYSDHR were barred by the Eleventh Amendment). Here, Plaintiff's claims against NYSDHR are barred by the Eleventh Amendment, as NYSDHR is an agency of the state of New York and has not consented to jurisdiction in this Court. See Gonzalez, 2011 WL 4582428, at *3 ("Agencies of the state, such at the State Division, are entitled to assert Eleventh Amendment immunity."). The Court therefore grants NYSDHR's motion to dismiss the Amended Complaint, as against it, for lack of subject matter jurisdiction.

Plaintiff's Claims Against BIMC

BIMC moves to dismiss Plaintiff's Title VII and NYSHRL claims for failure to state a claim, arguing that they are barred by the doctrine of collateral estoppel. Collateral estoppel protects the legal principles of consistency and finality in and between state and federal courts, barring parties from re-litigating determinations already made in prior legal proceedings. See Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered."). A federal court "must apply the collateral estoppel rules of the state that rendered a prior judgment on the same issues currently before the court." LaFleur v. Whitman, 300 F.3d 256, 271 (2d Cir. 2002). Under New York law, collateral estoppel bars a subsequent action if (1) the issue raised in the

second action is identical to an issue raised and decided in the first action and (2) the Plaintiff had a "full and fair opportunity to litigate the issue" in the earlier proceeding.  Id. (internal quotation marks and citations omitted).  In Kremer v. Chemical Construction Corporation, the Supreme Court held that a judicial determination of the Appellate Division of the New York Supreme Court affirming a NYSDHR finding of "no probable cause" of discrimination precluded the Plaintiff from relitigating the same question in federal court under Title VII and NYSHRL.  456 U.S. 461, 467 (1982).  Courts in this Circuit have consistently followed the Kremer holding and applied collateral estoppel to preclude federal litigation of a finding affirmed by a New York State court.  See Yan Yam Koo v. Dep't of Bldgs. of City of N.Y., 218 F. App'x 97, 99 (2d Cir. 2007);  Pajooh v. Dep't of Sanitation, City of N.Y., No. 11 CV 3116, 2012 WL 4465370 at *4 (S.D.N.Y. Sept 27, 2012) (Swain, J.).

       Plaintiff contends that his claims are not precluded because, based on his own investigative efforts, he has uncovered evidence that NYSDHR did not fully investigate his complaint and that there were attempts to intimidate and silence witnesses who would have testified on Plaintiff's behalf.  (See docket entry no. 73, Pl. Reply to Motion to Dismiss at p. 2.) The petitioner in Kremer had similarly contended that the administrative proceedings and judicial review were "so fundamentally flawed" as to deny petitioner a "full and fair opportunity" to litigate his claim.  456 U.S. at 480.  While acknowledging that argument, the Kremer Court had no hesitation in concluding that the "panoply of procedures" within both NYSDHR administrative and state court levels were sufficient under the Due Process Clause.  Id. at 484.  Here, the due process already afforded Plaintiff means that the discovery of new facts or legal claims does not undermine the applicable collateral estoppel analysis or the

preclusiveness of state court determinations.  See Yan Yam Koo, 218 F. App'x at 99 (New York Supreme Court's affirmance of NYSDHR's "no probable cause" determination was preclusive, even though the Supreme Court did not specifically address retaliation claims).  Plaintiff's new evidence, alleging witness intimidation and coercion, is substantially identical to the facts and arguments raised in his NYSDHR complaint, Article 78 Petition, and Pre-Argument Statement to the Appellate Division.  (See Marshall Decl., Ex. 3 (NYSDHR complaint) at pp. 17-22; Ex. 11 (Article 78 Petition) at pp. 46-53; Ex. 13 (Pre-Argument Statement to the Appellate Division) at pp. 102-106).  The record demonstrates that Plaintiff had a full and fair opportunity to present his complaint to NYSDHR and twice in state court.  Because Plaintiff did not prevail in the earlier action, he may not relitigate those same claims here.  The Court therefore grants BIMC's motion to dismiss the Amended Complaint.

CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted.  This Memorandum Opinion and Order resolves docket entries no. 60 and 66.  The Clerk of Court is directed to enter judgment in favor of Defendants and close this case.

SO ORDERED.

Dated: New York, New York
       September 29, 2016

                                                    /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              United States District Judge

Copy mailed to:
    Billy Barnes, pro se
    330 40th Street
    Copiague, NY 11726